IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIAMOND STATE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | )  CIVIL NO. 12-312-GPM ) |
| GERALDINE A. DAVIDSON, et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction."); *Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002)) ("Jurisdiction is the power to declare law, and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (quotation omitted). Plaintiff Diamond State Insurance Company ("Diamond State") brings this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, seeking a judicial declaration that it has no duty to defend or indemnify Defendants Geraldine Davidson, Gary Davidson, and Lurbo Land Trust ("the Trust") in an action brought against the Davidsons and the Trust by Defendants William Dribben and Wendy Dribben. Diamond State alleges federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

The exercise of federal subject matter jurisdiction in diversity requires generally, of course, that an amount in excess of $75,000, exclusive of interest and costs, be in controversy and that all parties be of completely diverse citizenship, that is, no plaintiff is a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008); *Howell v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993); *Eyster v. Shade Tree Serv. Co.*, Civil No. 10-466-GPM, 2010 WL 2639680, at *1 (S.D. Ill. June 29, 2010). Diamond State, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)). For purposes of federal diversity jurisdiction, a natural person must be alleged to be a citizen of a state, meaning that he or she is domiciled in the state and thus physically present in the state with no intent to go elsewhere. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction."); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006) ("'Citizenship' for diversity purposes is determined of course by a party's domicile, which means the state where a party is physically present with an intent to remain there indefinitely.") (citations omitted). Under 28 U.S.C. § 1332 a corporation is a citizen both of the state where it is incorporated and the state where it maintains its principal place of business, the latter being the state where the corporation has its headquarters or "nerve center." *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192-95 (2010); *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981).

In this instance Diamond State alleges properly that it is a corporation incorporated under Indiana law with its principal place of business in Indiana, so that Diamond State is a citizen of Indiana for purposes of federal diversity jurisdiction. Likewise, Diamond State alleges properly that the Davidsons and Dribbens are citizens of Illinois. Diamond State also alleges properly that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Unfortunately, Diamond State has failed properly to allege the citizenship of the Trust, stating only that Geraldine Davidson "is believed to be the trustee of" the Trust, so that the Trust is an Illinois citizen for diversity purposes. Doc. 2 at 2 ¶ 3. This jurisdictional allegation is defective for two reasons. First, only jurisdictional allegations that are made on personal knowledge, not information and belief, are effective to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to engage federal jurisdiction in diversity); *O'Neill v. Pointer*, Civil No. 09-704-GPM, 2009 WL 3156687, at *1 (S.D. Ill. Sept. 25, 2009) ("Jurisdictional allegations made on information and belief are insufficient to invoke the diversity jurisdiction of a federal court."). Second, while ordinarily the citizenship of a trust is that of its trustee or trustees, if the law under which the trust is organized permits the trust to sue and be sued in its own name, the citizenship of the trust for diversity purposes is that of its beneficiary or beneficiaries. *See Bean v. Bayer Corp.*, Civil No. 09-747-GPM, 2009 WL 3065090, at *2 (S.D. Ill. Sept. 23, 2009); *Allegis Group, Inc. Contractors Health Plan Trust v. Conn. Gen. Life Ins. Co.*, No. 04-16, 2004 WL 1289862, at **2-4 & n.3 (D. Md. June 10, 2004). In particular, the citizenship for diversity purposes of a land trust organized under Illinois law is that of the trust's beneficiaries. *See*

*Robin Realty & Mgmt. Co. v. Karosen*, No. 91 C 4640, 1992 WL 281343, at **2-5 (N.D. Ill. Oct. 5, 1992); *Continental Ill. Nat'l Bank & Trust Co. of Chicago v. Indemnity Ins. Co. of N. Am.*, No. 87 C 8439, 1987 WL 18345, at *1 (N.D. Ill. Oct. 6, 1987). Accordingly, Diamond State must amend its complaint to identify every beneficiary of the Trust and the citizenship of each such beneficiary for purposes of federal diversity jurisdiction.

To conclude, Diamond State is **ORDERED** to file an amended complaint in conformity with this Order not later than thirty (30) days from the date of entry of this Order. Failure to file an amended complaint as herein ordered will result in dismissal of this case pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: April 20, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge